Ramos et al., Apelantes, *v.* Virella, Apelada, y Martina
Rodríguez, Interventora.

Apelación procedente de la Corte de Distrito de Guayama.

No. 846.—Resuelto en febrero 27, 1913.

Partición de Herencia—Albaceas Testamentarios—Viuda del Testador.—
Cuando existen varios herederos, la viuda del testador no puede, de acuerdo
con el artículo 1024 del Código Civil revisado, ser nombrada contadora par-
tidora de la herencia, por ser tal cargo incompatible con el carácter de here-
dero que la viuda tiene.

Id.—Albaceas Testamentarios.—De acuerdo con el artículo 876 del Código
Civil revisado, el cargo de albacea testamentario por sí sólo no confiere facul-
tades para partir la herencia.

Id.—Contadores Partidores—Herederos.—El artículo 1025 interpretado en re-
lación con el 885 del Código Civil revisado, no da facultades a los herederos
para partir la herencia, cuando alguno de los contadores partidores nombrados
por el testador es competente para hacer la partición y ha aceptado el cargo.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. López Landrón, Rincón
y Francis.*

Abogados de Angelina Virella: *Sr. Tomás Bernardini de
la Huerta.*

Abogado de la interventora Martina Rodríguez: *Sr. Ma-
nuel A. Martínez.*

El Juez Asociado Sr. del Toro, emitió la opinión del tri-
bunal.

El presente es un recurso de apelación establecido contra
una resolución de la Corte de Distrito de Guayama, negán-
dose a impartir su aprobación a ciertas operaciones divisorias
del caudal relicto por Don Federico E. Virella y Plaud.

Del examen de dichas operaciones aparece que Virella y
Plaud otorgó testamento ante notario el 21 de septiembre de
1907; que falleció bajo dicho testamento el 5 de septiembre
de 1910; que instituyó por su universal heredero a su hijo
Federico Eugenio Virella y Ramos, en unión de su esposa Es-
peranza Ramos en la parte que a ésta acuerda la ley; que legó
varios bienes a su señora madre Irene Plaud y a su hermana

Angelina Virella y Plaud, y que prohibió la intervención judicial en su testamentaría y nombró albaceas a su convecino Marcos S. Basora, a su esposa Esperanza Ramos y a su hermana Angelina Virella y Plaud, facultándoles solidariamente para que hicieran el inventario, avalúo, liquidación y división de su herencia, o para que de común acuerdo designaran un contador partidor que lo verificara.

El encabezamiento de dichas operaciones, copiado textualmente dice así:

"Proyecto de operaciones particionales del caudal relicto del finado Don Federico Eustaquio Virella y Plaud propietario, natural y vecino que fué del pueblo de Arroyo en esta Isla, que yo, Esperanza Ramos Antonini, su viuda y albacea y contadora partidora con facultades solidarias instituída en la cláusula tercera de su testamento, formalizo según mi mejor leal saber y entender para someterlo a la aprobación judicial, previos intervención y conformidad de los interesados y dictamen de peritos tasadores."

Al final de las repetidas operaciones figura además de la firma de Esperanza Ramos, la de Juan Inés Ramos, nombrado defensor del menor heredero de Virella Plaud.

Preparado así él proyecto, fué sometido a la corte por medio de una moción presentada por Esperanza Ramos y Juan Inés Ramos en su dicho carácter de defensor del menor heredero, y señalado día para la vista, comparecieron y se opusieron a su aprobación la legataria Angelina Virella y unos menores de edad que alegaron que tenían establecida una demanda en la misma corte pidiendo que se les declarara como hijos naturales reconocidos del finado Virella y Plaud. La corte tomó el caso bajo su consideración y lo resolvió finalmente declarando no haber lugar a acceder a lo solicitado por los peticionarios, y contra esa resolución de la corte, dictada el 20 de febrero de 1912, se interpuso, como hemos dicho, el presente recurso de apelación.

La resolución apelada se fundó en que la corte había declarado con anterioridad sin lugar una solicitud de Esperanza

Ramos pidiendo que se la nombrara administradora judicial del caudal relicto por Virella y Plaud; en que había también expedido cartas testamentarias a dos de los albaceas, Marcos S. Basora y Angelina Virella, nombrados en su testamento por Virella y Plaud, quienes habían prestado juramento de cumplir bien y fielmente las obligaciones de su cargo; en que el testador había prohibido en su testamento la intervención judicial, y en que el procedimiento adoptado por los albaceas que habían solicitado cartas testamentarias parecía estar más en armonía con la voluntad del testador que el seguido por Esperenza Ramos.

Los fundamentos del recurso son varios y del alegato presentado por los apelantes no puede deducirse con toda claridad cuál es la exacta teoría en que basan su contención, pues unas veces parece que sostienen que Esperanza Ramos tenía pleno poder como albacea y contadora partidora solidaria para practicar por sí sola la partición y otras parece que alegan que Esperanza Ramos prescindió de tal carácter debiendo entenderse que la partición se practicó por los herederos de acuerdo con el artículo 885 del Código Civil revisado.

Veamos, en primer término, si Esperanza Ramos pudo ser nombrada y actuar como albacea y contadora partidora solidaria en este caso. El Código Civil revisado en su artículo 876 consigna cuáles son las facultades de los albaceas para el caso en que el testador no las hubiere determinado especialmente. Entre ellas no está la de partir la herencia y en tal virtud para que un albacea tenga tal facultad es necesario que el testador se la otorgue especialmente. Así sucedió en este caso, pero ¿pudo hacerlo el testador tratándose como se trataba de una heredera? El artículo 1024 del Código Civil revisado, igual al 1057 del Código Civil español, dispone que el testador podrá encomendar por acto *inter vivos* o *mortis causa* para después de su muerte, la simple facultad de hacer la partición a cualquier persona *que no sea uno de los coherederos.*

Comentando dicha disposición legal el Sr. Manresa, dice: "El legislador ha creído que el contador ante todo debe estar libre de toda sospecha de parcialidad; por eso, no obstante la libertad casi omnímoda que en todo se concede al testador, y sea la que fuere la confianza que alguno de los herederos le merezca, no consiente que ninguno de éstos, siendo juez y parte en el asunto, realice la división * * *. En cuanto a los herederos forzosos, hay que incluir entre ellos al cónyuge viudo, aun cuando su cuota sea sólo usufructuaria; basta que sea heredero, artículo 807, para estar comprendido en la prohibición, como declaran la Dirección General de los Registros de 12 de noviembre de 1895, y la sentencia del Tribunal Supremo de 13 de junio de 1898." 7 Manresa, Comentarios al Código Civil, 614 y 615.

No cabe duda, pues, de que si se sostiene que Esperanza Ramos preparó el proyecto de partición en su carácter de albacea contadora partidora, como lo indica su encabezamiento, actuó el juez inferior correctamente al no aprobarlo, ya que no debe reconocerse a la dicha Esperanza Ramos tal facultad, por haber sido hecho su nombramiento en contra de lo dispuesto en la ley.

Veamos si las circunstancias de este caso demuestran que sea de aplicación el artículo 885 del Código Civil, que dice así:

"En los casos del artículo anterior, y en el de no haber el albacea aceptado el cargo, corresponderá a los herederos la ejecución de la voluntad del testador."

El artículo anterior, o sea el 884, dice:

"Termina el albaceazgo por la muerte, imposibilidad, renuncia o remoción del albacea, y por el lapso del término señalado por el testador, por la ley y en su caso, por los interesados."

En el presente caso no se ha demostrado que haya terminado el albaceazgo en cuanto al albacea Marcos S. Basora, por ejemplo, nombrado también en el testamento y persona

al parecer sin interés en la herencia. Por el contrario se consignó por la corte como uno de los fundamentos de la resolución apelada, que el dicho albacea Basora había aceptado su cargo, había jurado desempeñarlo bien y fielmente y había solicitado y obtenido la expedición de la carta testamentaria creditiva de su autoridad de acuerdo con la ley.

Siendo esto así, no habiéndose demostrado que la partición no pueda hacerse por los albaceas contadores partidores o alguno de ellos, nombrados solidariamente por el testador, no cabe aplicar aun el artículo 885 antes citado. Comentando el artículo 911 del Código Civil español, exactamente igual al 885 de nuestro Código Civil revisado, dice el Sr. Manresa, lo que sigue:

"Este artículo determina el efecto que produce la extinción del albaceazgo testamentario. Para que proceda su aplicación es necesario que no exista albacea alguno de los nombrados en su caso por el testador, cualquiera que sea la causa de ello. A falta de albaceas testamentarios, corresponde a los herederos la ejecución de la voluntad del testador: tal es la doctrina del artículo 911." 6 Manresa, Comentarios al Código Civil, 783.

Como el artículo 885 está comprendido en el capítulo del Código que trata exclusivamente de los albaceas y como hemos visto que las facultades de éstos como tales albaceas cuando el testador no las especifica, no se extienden a la partición de la herencia, es conveniente citar el artículo 1025 del Código Civil revisado que forma parte de las disposiciones del Código que hacen referencia exclusiva a la partición de las herencias y que se inspira en el mismo principio que el repetido artículo 885. El artículo 1025 es como sigue:

"Cuando el testador no hubiese hecho la partición, ni encomendado a otro esta facultad, si los herederos fueren mayores y tuvieren la libre administración de sus bienes, podrán distribuir la herencia de la manera que tengan por conveniente."

Y comentando el artículo 1058 del Código Civil español,

exactamente igual al 1025 de nuestro Código Civil Revisado, dice Manresa que, como se deduce de sus términos, "la partición no pueden practicarla los herederos por sí mismos cuando resulte hecha por el mismo testador, o cuando éste haya designado para que la practiquen uno o varios contadores." 7 Manresa, Comentarios al Cod. Civ., 634.

Ambos artículos, el 885 y el 1025, se basan en el bien establecido principio de que la voluntad del testador es la ley en materia de sucesiones.

Estudiada, pues, la cuestión sometida bajo cualquiera de sus aspectos, es necesario concluir que falta razón a los apelantes para fundar su recurso y que éste en tal virtud debe declararse sin lugar y confirmarse la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.